Order Form (01/2005)

# United States District Court, Northern District of Illinois

_M HN_

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4340 | **DATE** | _8-25-09_ |
| **CASE TITLE** | U.S. ex rel. Antonio Nicholas (#B-50451) vs. Warden Joseph Mathy | | |

**DOCKET ENTRY TEXT:**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition for a writ of habeas corpus is summarily dismissed on preliminary review as time-barred. The case is terminated. The petitioner's motion for appointment of counsel [#4] is denied as moot.

■ **[For further details see text below.]**

Docketing to mail notices.

---

## STATEMENT

Antonio Nicholas, a state prisoner, has filed a _pro se_ petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 1993 convictions for murder and attempted murder on the ground that he has obtained newly discovered evidence to substantiate a claim that Chicago police officers beat him into confessing to a crime that he did not commit.

By Minute Order of July 22, 2009, the court granted the petitioner's motion for leave to proceed _in forma pauperis_ but ordered him to show good cause in writing why the petition should not be dismissed as untimely. Having considered the petitioner's response, the court remains satisfied that the petition is barred by the one-year statute of limitations.

As discussed in the court's prior order, under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant

**(CONCLUSION)**

| | mjm |
|---|---|

**STATEMENT (continued)**

was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if such right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

In this case, the petitioner concedes that he completed the direct appeal process in May 1996, that his appellate counsel did not pursue a coerced confession claim on appeal [he states that he was under the misapprehension that such a claim would be raised], and that he failed to appeal his conviction to the Illinois Supreme Court [he asserts that he learned after the time for appeal had already expired that his attorneys would not continue to represent him in seeking certiorari]. The petitioner did not pursue federal habeas review at that time.

On September 19, 2007, about nine years later, the plaintiff filed a post-conviction petition in state court, citing a State's Attorney's special report about police brutality in certain Chicago precincts. The petitioner did complete the appeal process with respect to his new claim and filed his federal habeas petition within one year of the Illinois Supreme Court's final decision. However, the statute of limitations for seeking federal habeas review had already run by the time the petitioner pursued his coerced confession claim. Just because the state court accepted and considered the merits of a collateral attack the petitioner filed in 2007, the clock for seeking federal habeas review did not "reset." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). "A state court's order denying a request for collateral review (whether on the merits or for any procedural reason) does not require the exclusion, under § 2244(d)(2), of time that passed before the state collateral proceeding began." *Id.* at 944.

Although the petitioner contends that he has new evidence to substantiate a claim of coerced confession, that evidence does not meet § 2244(d)(4)'s exception of time during which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Whether or not the petitioner could actually have proven that police beat him, he would have known at the time of his interrogation that they were using force and he could have raised that issue in a timely federal petition for a writ of habeas corpus. Unfortunately, it is now too late to do so.

The petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus is therefore time-barred. Under the judge-made doctrine of "equitable tolling," the court may excuse a petitioner's failure to file his § 2254 petition within the limitations period only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). In other words, a district court may entertain a petition that is untimely filed when, due to extraordinary circumstances beyond a petitioner's control, he cannot reasonably be expected to file his suit on time, *see Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996), and thus the " 'principles of equity would make [the] rigid application [of a limitation period]

**(CONTINUED)**

unfair.' " *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (*quoting Shendock v. Dir., Office of Workers' Compensation Programs*, 893 F.2d 1458, 1462-64 (3d Cir. 1990) (*en banc*)).

A run-of-the-mill claim of ignorance of the law is not sufficient to warrant the equitable tolling of a limitations period. In fact, many courts have expressly held that ignorance of the limitations period or the law is no excuse. *See, e.g., United States v. Cowan*, No. 98 C 8023, 2000 WL 1898467, at *2 (N.D. Ill. Dec. 22, 2000) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *see also United States v. Cook*, 105 F. Supp. 2d 1013, 1014-15 (E.D. Wis. 2000) (holding that " 'neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling' " (*quoting Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999))); *United States v. Griffin*, 58 F. Supp. 2d 863, 868 (N.D. Ill. 1999). Further, other courts have held that the fact that a prison was sometimes on lock-down, preventing access to the prison law library, does not establish the "extraordinary circumstances" needed to justify equitable tolling. *Posada v. Schomig*, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999); *see also United States ex rel. Morgan v. Gilmore*, 26 F. Supp. 2d 1035, 1039 (N.D. Ill. 1998).

In sum, the court finds that the petitioner has not provided a basis for equitable tolling. The court therefore finds that the petition for a writ of habeas corpus must be dismissed as time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Accordingly, after preliminary review, the court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.